2003 OK JUD ETH 3

## JUDICIAL ETHICS OPINION 2003–3

Oklahoma Judicial Ethics Advisory Panel.

May 12, 2003.

**QUESTION 1:**

¶ 0 Can Administrative Law Judges appear at Commission "en banc" proceedings for the purpose of answering questions regarding their proposed orders or reports regarding a hearing that they have conducted?

**QUESTION 2:**

¶ 1 If the answer to Question 1 is affirmative, are there any restrictions on the actions of the Administrative Law Judge at these Commission proceedings?

¶ 2 **FACT SITUATION:**

1. The judge inquiring is employed by the Oklahoma Corporation Commission and as such, is assigned to hear public regulatory cases which involve highly sensitive matters in which the Commission

---

"en banc" has great interest in the outcome.

2. An amendment to the Commissions Rules of Practice 165:5–13–4(e) provides: "Upon request by a Commissioner, an Administrative Law Judge shall appear at any scheduled signing agenda, Commission hearing or public deliberation to respond to questions from the Commissioners concerning the proposed order or report of the Administrative Law Judge."

3. All hearings at the Commission are concluded with the Administrative Law Judge issuing a recommendation that either results in an order setting forth their findings and recommendations, or a report setting forth the same. The applicable rule 165:5–13–4 comes into play when the recommendation or order is protested and a hearing is set before the Commission "en banc."

¶ 3    **Canon 3B(8):** "A judge should not, while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect the outcome or impair its fairness or make any non-public comment that might substantially interfere with a fair trial or hearing. The judge should require similar abstention on the part of court personnel subject the judge's direction and control. This section does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court. This Section does not apply to proceedings in which the judge is a litigant in a personal capacity."

¶ 4    **WE ANSWER:** Question 1: Yes

Question 2: Yes, there are restrictions

## DISCUSSION:

¶ 5    The Code of Judicial Conduct specifically enumerates Administrative Law Judges as among those to whom the code applies.

¶ 6    The Commission rule in question specifically provides that the Administrative Law Judge shall appear to respond to the *questions from the Commissioners* (emphasis added) and we presume would not be subject to questioning by parties or attorneys appearing before the Commission.

¶ 7    The Canon states, "This section does not prohibit Judges from making public statements in the course of their official duties ... ", and appearing to respond to questions from the Commissioners would certainly be within such course, even though one would assume that it might reasonably be expected to affect the outcome of the hearing.

¶ 8    The responses would not be violative of the Code if they are limited to the facts found by the judge and the laws and rules to which the finding of fact were applied in making the recommendation being reviewed. The judge should not become engaged in arguments, philosophical discussions or debates as to matters of public policy.

¶ 9    It appears that there may be a "due process" question which may arise under these circumstances, but it is not our function to address due process claims.

¶ 10    ROBERT L. BAILEY, Chairman.

ROBERT D. SIMMS, Vice Chairman.

MILTON C. CRAIG, Secretary.